May it please the court. Sylvia Baez on behalf of Mr. Gonzales, Mr. Mark Gonzales. This appeal took place after a trial in which he was convicted of importing cocaine. I believe that the principal argument and the most important argument here was that he was not allowed to put forth a complete defense. He did testify. I'm not saying that he didn't have a defense at all. I'm just saying that the judge completely denied and we were not able to put on an expert who had interviewed Mr. Gonzales and determined that he was addicted to methamphetamine and heroin, which was something that was very important because as he testified in trial, he was accosted by some people who had his passport and they were not going to return it to him unless he drove a car across the border and this was suppose to be a dry run. They told him it was going to be a dry run. My understanding is that the district court concluded that the testimony that the so-called expert was going to give dealt with diminished capacity and voluntary intoxication defense and that was something that was specifically disclaimed by defense counsel before that that wasn't going to be put on. Is that a mistake? No, I wasn't going to put on an intoxication defense And what would the expert have The expert would have testified that what exactly happens to a person who is addicted to heroin and methamphetamine But again, doesn't that ultimately go to diminished capacity or voluntary intoxication No, not in this case because his defense was that he was duped. His defense was not that he could not form the intent to commit Well, what does the expert have to do with that? Well, the expert could have testified about the vulnerability that one experiences when they are addicted to methamphetamine and heroin and the vulnerability that somebody has when they're coming off of heroin Do you have any case law that suggests that an expert that would complete the proffer that you talked about would be more likely to be, basically could put on an intoxication defense? Provide evidence that it would be more susceptible to being duped? Anything like that? I've never heard of that Well, I did cite a case in my reply to United States versus Graham in which the psychiatrist was going to say that the person had a weakness in terms it was a fraud case and she was accused of having fraudulent documents And that psychiatrist was going to testify that she had a weakness in terms of being able to distinguish between details in documents like that And was that testimony admitted? It was not admitted, but the case was reversed because it wasn't admitted Is that the best you can do? Do you have anything else? In terms of a psychologist being allowed to do that I'm talking about in your case, and I get your point, you're saying that this expert would have testified that your client was dupable, if you will Yes, he was extremely manipulative But let's just say that, at least I personally, fail to see any distinction between that and the diminished capacity and the voluntary intoxication concept I don't see why that would be introducible into evidence Well, because the voluntary intoxication and arrest defense have to do with whether or not, well, the involuntary intoxication defense at least has to do with whether or not the person conformed the intent at all to commit the crime But you disclaimed any desire to put on evidence about that, didn't you? You were saying you weren't going to put on that defense No, my defense was not that he could not form the intent My defense was that he was duped and that because he was experiencing these things that were going on inside his brain and all of that And that he was kept pretty much in custody for two days before he was given the car to drive across the border and given heroin two times a day and food And not until at the last minute was he taken to the border to drive the car That because of what he was going through, that made him susceptible to being manipulated and he was vulnerable to that What element of the offense would the expert's testimony have gone to in this case? It would have bolstered my client's testimony for one thing, that he was duped Okay, but you're talking in circles What element of the charge would the expert's testimony have addressed? My client's defense was that he was duped, that he didn't know Okay, so duping is not an element of the defense, is it? Well, duping is a defense to knowledge Okay, what element of the crime does duping play? The element of the crime is that knowledge that you didn't know that you were bringing drugs from Mexico into the United States Can I ask this? I mean, as I understand the theory that you've laid out, and I appreciate your reliance on the Rahm case But it's basically your theory to the district court was, look, my client's version of how he was duped to just regular people on the street It might seem like a hard story to believe, right? It just seems like, come on But if they had had the benefit of your expert explaining why somebody in the throes of addiction or slash withdrawal, like he was Then they'd be better able to understand why, well, in fact, yeah, somebody could well have been duped in these circumstances That's basically the theory Yeah, that was my defense, my argument I mean, I thought we had cases that said that you're not allowed to put on expert testimony just to bolster the veracity of a witness Even if it's your client Am I off on that? I believe that, well, the government is not supposed to bring experts just to bolster one of their agents' testimony But I have not seen cases where a defense witness cannot bring another witness to bolster their testimony I mean, there's all kinds of witnesses that you can bring For example, with respect to somebody's veracity, with respect to somebody's reputation in the community Those kinds of things all naturally bolster the testimony of your client or defendant at trial But I would like to reserve, if I may, a couple of minutes to respond And I think I only have a couple of minutes left, if that's okay  Judge Fletcher, Judge Smith, Judge Watford, good morning Mark Fletcher for the United States Maybe you could start by just going straight to that ROM case Because I do think that's the best case for the defendant here Sure I'd love to hear your review Sure In the ROM case, the defendant was charged with possessing and distributing counterfeit bills The United States in that case put on evidence that the bills were visually altered That they were pixelated, that they had more dots per square inch That basically someone perceiving them, someone just looking at them would know that they were counterfeit It seems very similar to the theory that we just heard the defense counsel articulate here, right? Well, an element of that offense is knowing that they're counterfeit So the government's theory in that case was, by looking at them, you know they're counterfeit The specific evidence, the expert testimony was that that defendant had difficulty visually perceiving and filling in pictures In this case But just let me stop you there Yeah So in other words, the defendant's view in ROM was, look, yeah, my client tells this version of offense Most people looking at it would say, you're crazy, I can look at that and see that it's plainly counterfeit But she needed to bolster her own testimony with the expert to make it believable to the jury? Is that a fair statement? Yeah, I don't think so, Judge In the ROM case, there were scientific tests that were run that showed that the defendant had difficulty visually perceiving Or filling in blanks such that looking at the particular counterfeit bill wouldn't be a way that you could impute knowledge to the defendant In this case, what the defendant is doing is asserting a diminished capacity defense and calling it duplicitous Diminished capacity has a very specialized meaning that I don't think is necessarily applicable What the defendant is trying to do is to say, I was in a situation where I couldn't perceive things properly Not diminished capacity in the sense of, I couldn't form an intent It's simply, I did not have the knowledge That's different from an ordinary diminished capacity I think, Your Honor, it's that I, and if you take a look at the expert notice that was sent to us It was that the effects of methamphetamine, which is to say the diminishing effects of methamphetamine Has on one's capacity to, and not capacity of filling in, but to be aware, understand situations, vision, hearing What they're really talking about is that the methamphetamine use and or the heroin use by this defendant Diminished this defendant's capacity to know, to understand, to in fact form The word diminished capacity has both a commonsensical meaning and a specialized meaning You could just as well in the ROM case say that the expert was allowed to testify to her diminished capacity Because of her inability to see things In that case, I think it's a question of which are the available defenses In the ROM case, it was an element that you must know that the bills were counterfeit In this case, it's simply Let's go to this case I assume that if he could show to the jury, convince the jury That he had no knowledge that he was carrying drugs, that that would be a defense That would be So, there you are Knowledge that it was counterfeit, knowledge that he was carrying drugs, both are defenses But there's a different quality to them in that regard The difference in the knowledge of knowing that it's counterfeit When the evidence is that you can visually perceive that the bill is counterfeit And that the evidence, the defense is that I have a problem looking at that bill And seeing that it's counterfeit That the affirmative evidence the government put on to show knowledge Can be contradicted directly by the expert testimony Which incidentally is also susceptible to scientific inquiry testing In that case, I think it was the MMPI routinely recognized scientific tests In this case, we don't have that quanta of defense We don't have it going to a specific thing other than saying he's less likely to have known It affect, which is I think what Judge Watford brought up Expert testimony on the credibility or bolstering the credibility of the defendant's story And that in this respect is impermissible I still have trouble distinguishing wrong Because obviously that expert was bolstering the truth of her testimony Yeah, it seems like the same exact theory was at play there I think it depends again on the defense that's available Knowing that there are drugs in the car Drugs are per se illegal People don't have to know that they were legal drugs or illegal drugs Just simply knowing that there are drugs in the car Versus not knowing that there are drugs in the car That's one set of defense In ROM, the question is someone gives you a thousand dollars, ten thousand dollars Which I think it was in ROM You haven't just committed a crime You have to then take the additional step of looking at the bills And knowing then that the bills are counterfeit And in ROM, that defendant's particular need to visually That is to say scientifically fill in the blanks And I think that was just one piece of the evidence But to fill in the blanks in looking at that bill is a quantitative difference That is to say knowing that a bill is counterfeit Is quantitatively different than knowing that a bill Knowing that drugs are or are not in the car There's that extra heightened level of danger if you will In terms of identifying whether a bill is counterfeit You have to know not only that you have been given a bill If that were the elements of the defense in the possession of counterfeit Simply that you had been given a bill Which then the government could prove was counterfeit That's the circumstance in the drug contest You still don't have me convincing Distinction from ROM I'm not sure ROM is right But there it is, it's the law Question of right or wrong I think two other things are helpful in this One is that the defendants noticed expert testimony That is to say what is noticed here Is that his consumption of large quantity of methamphetamine In the hours preceding his arrest in this matter Would have affected his behavior perception and awareness That's sort of the paradigmatic voluntary intoxication assertion The judge found that that as noticed Was this hybrid voluntary intoxication defense Let me take a slightly different tact than my colleagues If the defendant here is able to put on a witness of this nature Wouldn't that same type of thing be available to virtually every person Who is a drug courier, a mule You'd say, I didn't know this were drugs I had no idea, I've been into a lot of drugs How was I to know that? I just had no concept at all But I've got an expert that will testify That I'm so befuddled that I had no idea what this was Isn't this a huge escape hatch for all these kinds of cases If we buy into that? It is And I think that sort of belies the actual underlying current here Which is it goes to reinforce and bolster the credibility of the defendant Who sort of must then testify You know, this expert testimony in and of itself I'm not sure carries much credibility if the defendant doesn't testify Only once the defendant testifies does To the idea of being duped or being manipulable Does this testimony take on this sort of great weight And therein lies what we finally got to on the second day of trial Which is this testimony was calculated to underscore the veracity of the defendant when he testified Who would believe a methamphetamine addict if Dr. Smith doesn't get to testify? I should know this and I'm having a temporary block Did the defendant testify in this case? He did He did, yeah, yeah So again, I don't get it I thought you were making an argument Prime Minister Pond is not having testified He did testify So he does testify He did testify in this case So the proposed expert testimony was calculated to The judge excluded it But it was calculated to reinforce his testimony And essentially bolster his credibility Exactly as the expert testimony in ROM did Well, in ROM the defendant did not testify I see, that's where that comes in So why is that a relevant distinction? Because scientific testimony is not going to speak to someone's veracity I think ultimately that's the If this testimony is really calculated to simply answer the question Who would believe a methamphetamine addict if Dr. Smith doesn't testify? Then it's really just expert testimony calculated This is not a general question Who would believe a methamphetamine addict? This is a question of Is it plausible that he could have believed this cock and bull story? That he was fed by these evil people in Mexico Who told him, he says, it was a dry run When in fact it was not a dry run I have to say that his story on his face is not particularly plausible So he wants to let the jury know Maybe it's not plausible to you Maybe you wouldn't have believed this But I did And the jury can say Even after the expert has come in Well, I don't believe the expert Lends enough credence And judge, what I think And maybe we're back full circle What I think he's ultimately saying there is that The diminishing effects of methamphetamine Have diminished my capacity to know Whether it's my ability to Knowing is, in this general intent crime Simply knowing that the drugs were in the car Whether cocaine or some other prohibited drug It diminished my capacity to tell Whether these guys are telling me the truth or not And he says To my mind somewhat implausibly They told me it was a dry run and I believed them Ultimately it goes to knowledge Did he have the capacity to know? And I think that's the difference with Rom Where the expert testimony there Did go directly to Whether that defendant could visually perceive The counterfeit nature in the bill Thank you Maybe I'm a little off here But I think that if I had had this expert Whether he testified before my client testified Or whether he testified after It was important for the jury to know Because we're exposed to television About what a junkie does Or what a junkie goes through When they're under the influence of drugs  And, you know, we That's why I said Who's going to believe a heroin and meth addict? And the thing is that we're exposed to just what we see on TV And this expert would have Not just bolstered my client's testimony But he would have shed light on exactly Because there was proof that he was in detox For 10 days after he was arrested He was going through detox at the moment of his arrest And he was very sick And the jury would have You know, they were out for a day and a half And one of the reasons they were out Was because they were wondering whether or not to believe him And they would have benefited from expert testimony It doesn't have to have an MMP or anything like that The expert just has to have a manner of analyzing He was an expert in addiction psychiatry So the expert would just have to have a manner of analyzing That is common in the community In his community of what he does as an expert Under what standard do we review the decision of the district judge not to admit? Under what standard? I think that it should be reviewed I think it should be reviewed de novo You think it should be? What authority do you have for that? Well, I think Judge Fletcher is getting the problem that I have With the way you framed the argument in your brief You tried to get away from the abuse of discretion standard That would ordinarily apply by framing it as a fifth Or rather a sixth amendment Denial of the right to present a defense And you're right, we do review that question de novo But that's a much higher bar to clear Than just was this evidence improperly excluded I'm not quite sure why you I know why you tried to frame the argument in those terms But having done so, it seems to me It's not enough for us just to conclude that Well, boy, maybe this evidence should have been admitted Under rule of evidence 702 or something You've set our way up here In terms of the way you framed the argument Well, then I think you should do it as an abuse of discretion Thank you Gunter Hollis now submitted for decision. Thank you
judges: Fletcher, Smith, Watford